## Ex parte COLCORD.

### (207 N. W. 213.)

#### (File No. 5867. Opinion filed February 16, 1926.)

1.  **Extradition—Fugitive From Justice—Parole—Convict Violating Parole and Found in Another State Held Fugitive From Justice.**

    A convict who violated parole by leaving state without permission, and committing felonies in other states, including South Dakota, where he was found when requisition was issued or revocation of parole, was a fugitive from justice.

2.  **Pardon—Parole—Notation on Parole as to Present Place of Employment Held Not to Show Permission to Leave State.**

    Notation on back of parole of Nebraska convict, "Where now employed, K. C. Mo.," held not to show required permission to leave Nebraska.

3.  **Evidence—Waiver—Habeas Corpus—Evidence That Discrepancy Between Copies of Parole Agreements Was Clerical Mistake, and that Waiver of Extradition in One Attached to Requisition Was Not Relied On, Held Admissible in Habeas Corpus Proceedings.**

    In habeas corpus proceedings to prevent extradition, where petitioner raised question of fraud in obtaining warrant of arrest in that copy of parole agreement attached to requisition contained waiver of extradition not contained in pardon board's certified copy of agreement signed by him, it was competent for requisitioning state to show that discrepancy was clerical mistake and that waiver was not relied on.

4.  **Habeas Corpus—Evidence—Clerical Error—Evidence Held to Show That Variance Between Two Copies of Parole Agreement Was Immaterial Clerical Error, and That There Was No Fraud on Obtaining Warrant for Arrest of Parole Violator.**

    In habeas corpus proceedings to prevent extradition, evidence held to show that variance between copy of parole agreement signed by petitioner and copy on which warrant of arrest was issued, in that latter contained waiver of extradition, was a mere clerical error, immaterial and nonprejudical, and that there was no fraud or misrepresentation in obtaining warrant authorizing discharge under Rev. Code 1919, Sec. 4980.

5.  **Habeas Corpus—Trial—Witness' Reading of Statute of Requisitioning State as to Violation of Parole Immaterial Error in Habeas Corpus Proceedings to Prevent Extradition of Parole Violator.**

    In habeas corpus proceedings to prevent extradition of a Nebraska convict shown to have violated parole agreement, read-

ing into record of copy of Rev. St. Neb. 1913, Sec. 9159, as to violation of parole, by witness testifying that it was true copy prepared by him, though a doubtful method of proving foreign statute under Rev. Code S. D. 1919, Sec. 2718, was immaterial, as such state could retake petitioner without regard to statutory provisions.

6. **Extradition—Parole—That Parole Agreement of Violator Whom Pardon Board Sought to Extradite Was Made With Prison Board Immaterial, Where They Were Same Board.**

That parole agreement of violator, whom Nebraska board of pardons sought of extradite, was made with prison board of such state, was immaterial, where it was shown without objection that latter's name had been changed to "board of pardons," which was same board.

7. **Criminal Law—Sentence—Sentence of Paroled Convict Did Not Expire Before Revocation of Parole Because of State's Failure to Furnish Him With Employment.**

State granting parole to a convict was not bound to furnish him with employment, and his sentence did not expire before revocation of parole because of its failure to do so.

Appeal from Circuit Court, Minnehaha County; Hon. John T. Medin, Judge.

Application for a writ of habeas corpus by Thomas Colcord. From a judgment sustaining the warrant of arrest and order denying writ, petitioner appeals. Order affirmed.

*Hugh S. Gamble*, of Sioux Falls (*John D. Lynch*, of Sioux Falls, of counsel), for Appellant.

*Lucius J. Wall*, of Sioux Falls, for Respondent.

(1) To point one of the opinion, Appellant cited: In re Todd, 81 N. W. 637; Ex Parte Galbreath, 139 N. W. 1050.

Respondent cited: Roberts v. Reilly, 116 U. S. 80; Ex Parte Eugene Williams, 51 L. R. A. (N. S.) 668.

SHERWOOD, J. Thomas Colcord, alias George Reardon, was sentenced January 17, 1917, by the circuit court of Dodge county, Neb., to serve a sentence of not less than three nor more than ten years in the state penitentiary. He served this sentence until August 11, 1919, when he accepted a parole from "the state prison board" of Nebraska. This parole agreement was in writing. It is quite lengthy, and provided in substance: That Colcord was permited to go outside the buildings and inclosures of the

penitentiary; but not outside the state; without special permission; subject to the following rules: That he should proceed at once to the place of employment provided by the prison board and remain there until he received a copy of his final discharge. That he should first obtain written consent of the state prison board before he changed his residence or employment. That he should make a truthful report to the secretary of the board on the first day of each month as to his employment, earnings and savings, his surroundings and nature of work, church and other moral training attended, etc. That he should in all respects conduct himself honestly; avoid evil associations, obey the law, abstain from gambling, etc. That while on parole he shall remain in the legal custody and under the control of the state prison board of the state of Nebraska. And further provided:

"It is expressly understood and agreed by the acceptance of this parole that, as a condition of the granting thereof, the state prison board may summarily determine whether any of the conditions of the parole have been broken; and the same may be revoked as a matter of executive authority reserved, without the intervention of any court.

"He shall be liable to be retaken and again confined within the inclosure of the state penitentiary for fraud, misrepresentation of facts or information or for any reason or reasons that shall be satisfactory to the state prison board, and at their sole discretion, until he receives a copy of his final discharge through the Governor."

This parole was signed by the chairman and attested by the secretary of the board. To this parole agreement was attached an acceptance signed by Thos. Colcord in the following words:

"I, Thos. Colcord, No. 7020, an inmate of the Nebraska state penitentiary, hereby declare that I have carefully read, or heard read, and do clearly understand the contents and conditions of the above parole, and I hereby accept the same, and do pledge myself to honestly and faithfully comply with said conditions.

"Signed in triplicate ———— day of August 11 ,1919.

"[Signed]                              Thos. Colcord."

After receiving this parole, Colcord left the state of Nebraska. He failed to make any report after December 30, 1919. He com-

mitted one felony in the state of Missouri and one in the state of South Dakota, and, when this requisition was issued, was a convict in the penitentiary at Sioux Falls, S. D. Colcord's parole was revoked by the board of pardons of the state of Nebraska on November 12, 1924. A requisition was thereupon issued by the Governor of the state of Nebraska on the Governor of the state of South Dakota for the return of said Colcord as a fugitive from justice in the state of Nebraska. A hearing was had on said requisition, and a warrant was issued by the Governor of South Dakota for the arrest of Colcord and his delivery to one Walter E. Schroeder, assistant probation officer of the board of pardons of the state of Nebraska and agent for the state of Nebraska, to secure the return of said Colcord. On this warrant Colcord was arrested in Sioux Falls, S. D., on completing the term of his penitentiary sentence there. Habeas corpus proceedings were brought for his release before Judge Medin. From findings and judgment sustaining the warrant of arrest, Colcord appeals.

Appellant sums up his assignments of error under the following six propositions:

(1) That the order denying the writ is against the law because: (a) There is no showing appellant is a fugitive from justice, (b) The record shows conclusivey appellant had been permitted to leave the state.

(2) Errors in admitting evidence during the trial.

(3) The verdict is contrary to the law and the evidence.

(4) Because the state of Nebraska did not furnish appellant employment and improperly permitted him to leave the state, his sentence had expired before his parole was revoked.

(5) Because the parole agreement was made with the prison board of Nebraska, and under its terms appellant was under its exclusive control, and this action was shown to have been taken by the pardon board of said state.

(6) That the prison board by permitting the release of petitioner in fact terminated the sentence imposed.

We will consider these propositions in the above order.

[1] Discussing No. 1: The record shows that Colcord was legally charged with the crime of robbery in a court of competent

judisdiction in Dodge county, Neb.; that he pleaded guilty to such charge and was sentenced on January 17, 1917, to serve a term of not less than three nor more than ten years in the Nebraska penitentiary; and that he has never been pardoned. It further shows he violated his parole by leaving the state without permission; by failing to report since December 30, 1919; by committing felonies both in Missouri and in South Dakota; and by being found in South Dakota when this requisition was issued. It further shows that on November 12, 1924, his parole was revoked by the board of pardons of the state of Nebraska.

In Re Tod, 81 N. W. 637, 12 S. D. 386, 47 L. R. A. 566, 76 Am. St. Rep. 616, this court approved the rule laid down by the Supreme Court of the United States in Roberts v. Reilly, 6. S. Ct. 291, 116 U. S. 80, 29 L. ed. 544, as follows:

"To be a fugitive from justice, in the sense of the act of Congress regulating the subject under consideration, it is not necessary that the party charged should have left the state in which the crime is alleged to have been committed, after an indictment found, or for the purpose of avoiding a prosecution anticipated or begun, but simply that, having within a state committed that which by its laws constitutes a crime, when he is sought to be subjected to its criminal process, to answer for his offense, he has left its jurisdiction, and is found within the territory of another." 51 L. R .A. (N. S.) 668.

Under this rule it is clear that appellant was a fugitive from justice, unless he had permission to leave the state of Nebraska.

[2]    There was no proof of any kind that any permission was ever given him to leave the state of Nebraska, unless the following notation on the back of his parole be considered such proof: "Where now employed, K. C. Mo." No testimony was offered to show the meaning of the letters "K. C. Mo."; but if we assume they meant Kansas City, Mo., we still think that would fall far short of written permission or any permission for Colcord to leave the state of Nebraska. We think the lower court was right in holding Colcord was a fugitive from the justice of the state of Nebraska, at the time the Lieutenant Governor of South Dakota issued his warrant for Colcord's arrest and when he was arrested on such warrant; and that Colcord has ever since been such fugitive from justice so far at least as this record discloses.

[3] Nos. 2 and 3 relate to the same matter and will be considered together. Under these two, appellant assigns 14 errors in the admission and exclusion of evidence. The first 8 are based on the admission in evidence of certain testimony brought out on the cross-examination of the witnesses Schroeder and Lewis. These are all based on the following facts and will be considered together: At the trial before Judge Medin appellant's attorneys introduced evidence tending to show that the copy of the parole agreement attached to the requisition from the Governor of Nebraska, then before the court, being the same requisition, copy of parole agreement and record on which Lieutenant Governor Gunderson issued his warrant of arrest herein, contained a clause in which Colcord agreed, if he violated his parole, he would waive extradition and all legal forms and voluntarily return to Nebraska, and that a certified copy of the parole agreement Colcord actually signed, which was obtained by appellant's attorney's from the board of pardons of Nebraska, did not contain that clause. Appellant therefore claimed the warrant for his arrest was fraudulently obtained from Lieutenant Governor Gunderson on a false record and was void.

This raised two questions: (a) Was a fraud perpetrated on the Governor of South Dakota in obtaining the record? (b) Was there material variance between the parole agreement signed by appellant and the one attached to this record?

This made it necessary for the petitioner to show what transpired before the Governor of South Dakota when the warrant was issued. Over objections made by appellant's counsel, the court permitted the witness Schroeder to testify, in substance: That he presented the original requisition to the Governor. That appellant appeared at that time by Mr. Lewis, his attorney, and before the warrant was issued by Lieutenant Governor Gunderson, Mr. Lewis, as attorney for appellant, pointed out this particular discrepancy between the copy of the parole agreement presented to the Lieutenant Governor and the one obtained by appellant's attorneys. That Gunderson then asked witness Schroeder how he accounted for the discrepancy, and witness said in substance that the old form of parole required of prisoners did not contain the clause agreeing that if the parole was violated the prisoner would waive extradition and all legal forms and voluntarily return, but a

new blank had been printed which did contain that clause. That in all other respects the two parole blanks were substantially alike. That the blank actually signed by appellant was the old form of parole, and he could not account for the copy of the new form being attached to the requisition papers, unless the clerk, in making up the copies for the three sets of requisition papers issued in such cases, might have gotten hold of a copy of the new blank form of parole by mistake. That witness assured the Governor at that time that there was no intention to misrepresent what the parole agreement contained, and then called the Governor's attention to the fact that he was not relying on this waiver or trying to take appellant back on account of it, but was relying entirely on the law of extradition and not at all on the waiver. That the matter of the extradition, the discrepancy in the blanks, and petitioner's position as to the waiver were quite fully discussed before the Governor by Mr. Lewis, for the appellant, and by the witness Schroeder for the state, and after such discussion, and with full knowledge of the matter, and the variance between the two copies of the parole agreement, the Governor signed the warrant. Mr. Lewis was then called as a witness at the trial and asked, upon cross-examination, if it was not a fact that, during the discussion before the Lieutenant Governor, Mr. Schroeder did not advise both Mr. Lewis and the Lieutenant Governor that "he was trying to proceed according to the laws of extradition, and that he was not attempting to take the man Colcord back under, or by reason of that waiver."

We think when the question of fraud in obtaining the warrant was raised by appellant, all the testimony above indicated was material and relevant to the issue, and that under either a direct or implied charge of fraud in obtaining the warrant the petitioner was entitled to show the entire transaction occurring before the Lieutenant Governor. That this specific discrepancy in the record was pointed out and the position taken by the agent of the state of Nebraska was then made clear to the Governor, and it was competent to show that the state of Nebraska did not apply for this extradition on account of the waiver, and the Governor of South Dakota did not grant it on that account.

[4] The question asked Mr. Lewis on cross-examination was proper under the then condition of the record. Under the entire

evidence upon this proposition, we think the variance between the two copies of the parole agreement was a mere clerical error, and entirely immaterial and in no way prejudiced appellant's rights, and there was no showing of either fraud or misrepresentation in obtaining the warrant. Section 4980, R. C. 1919; In re Tod, supra.

[5] Over the objection of appellant, Schroeder was allowed to read into the record a copy of section 9159, R. S. Nebraska 1913, entitled, "Violation of Parole." This was read by Mr. Schroeder from what the witness testified was a true copy of this section of the statute prepared by him. Appellant strenuously contends the admission of this evidence was error. It is a question of some doubt whether under section 2718, R. C. 1919, this was a proper method of proving foreign statutes, and we do not decide that question. In the view we take of this case the introduction or exclusion of this evidence was entirely immaterial. It was clearly shown that the witness had violated his parole. The parole agreement was a contract between the prisoner and the state, and it was entirely a matter of favor upon the part of the state. Having accepted the privilege, he was subject to be retaken by the state for a violation thereof without regard to any statutory provision.

[6] It was clearly shown without objection that the prison board which granted the parole had been changed in name to "board of pardons," but they were the same board.

[7] Under No. 4, appellant contends that because the state of Nebraska did not furnish him employment and improperly permitted him to leave the state, his sentence had expired before his parole was revoked. We think there was no obligation on the part of the state of Nebraska to furnish appellant employment. His parole was entirely a matter of favor to him. He might have refused to accept it and thereby remained in the custody of and been supported by the state. If he did accept the parole and there was no work furnished for him, it became his duty to look for work and support himself.

We have examined all the other errors assigned, and, finding no error, the order of the lower court denying petitioner's application for a writ of habeas corpus is affirmed.

CAMPBELL, J., concurs in the result.