In the Matter of the Application of Richard Wilkins for an original writ of habeas corpus.

Richard WILKINS, Petitioner,

v.

Dale GRANRUD, Sheriff of Burleigh County, North Dakota, Respondent.

Cr. No. 396.

Supreme Court of North Dakota.

June 1, 1970.

Fleck, Mather, Strutz & Mayer, Bismarck, for petitioner.

Dennis A. Schneider, Special Asst. State's Atty., Burleigh County, Bismarck, for respondent.

PAULSON, Judge.

. Richard Wilkins seeks his release from custody by virtue of an original writ of habeas corpus. Wilkins was taken into custody on April 17, 1970, by the sheriff of Kidder County, North Dakota, upon information received by the sheriff that a car being driven by Wilkins had been stolen in the State of California. Kidder County, not having its own jail facilities, transferred Wilkins to the Burleigh County jail while awaiting the warrant of arrest from California. During the interim, the sheriff of Kidder County, on April 20, 1970, received a telegram from the Division of Parole of the State of Indiana, requesting that Richard Wilkins be held for parole violation and indicating that a warrant, No. R–3989, would be forwarded. The warrant from Indiana, forwarded on April 20, 1970, was a Warrant for Retaking Paroled Prisoner, dated February 18, 1970, stating that Richard C. Wilkins had violated his parole and directing that Wilkins be returned to the Indiana Reformatory.

The warrant was issued by virtue of the authority vested in the Indiana Parole Board, which had custody of Wilkins while he was on parole, and was a revocation of the parole which had previously been granted. On April 22, 1970, a criminal complaint was issued by the committing magistrate, Honorable Clifford Jansonius, charging Wilkins with the crime of being a "fugitive from justice", in that Wilkins did abscond, on or about February 20, 1970, from the supervision and control of the Indiana Parole Board. Pursuant to the Indiana warrant of arrest and the warrant of the committing magistrate dated April 22, 1970, Richard Wilkins was arrested by the sheriff of Burleigh County, North Dakota. Subsequently the State of California refused to press charges for the theft of the automobile. Based upon this sequence of events, an application for a writ of habeas corpus was first initiated in the District Court of Burleigh County. That court, after a hearing on the petition, is-

sued an order quashing the writ, whereupon application for a writ of habeas corpus was made to this court, pursuant to § 32–22–04, North Dakota Century Code, and a writ was issued by this court which was returnable on May 11, 1970.

The following sections of Chapter 29–30, N.D.C.C., are pertinent:

29–30–02. "A person charged in any state or territory of the United States with treason, felony, or other crime, who shall flee from justice and be found in this state, on demand of the executive authority of the state or territory from which he fled, must be delivered up by the governor of this state to be removed to the state or territory having jurisdiction of the crime."

29–30–03. "A magistrate may issue a warrant for the apprehension of a person charged with crime as is provided in section 29–30–02, who shall flee from justice and be found within this state."

29–30–04. "The proceedings for the arrest and commitment of a person charged with crime in another state are similar in all respects to those provided in this title for the arrest and commitment of a person charged with a public offense committed in this state, but an exemplified copy of an indictment found, or other judicial proceeding had, against him in the state or territory in which he is charged with having committed the offense, may be received as evidence before the magistrate."

29–30–05. "If from the examination it appears that the accused has committed, in another state, the crime alleged, the magistrate, by warrant reciting the accusation, must commit him to the proper custody of his county for such time, to be specified in the warrant, as the magistrate may deem reasonable, to enable the arrest of the fugitive under the warrant of the executive of this state, on the requisition of the executive authority of the state or territory in which he com-

mitted the offense, unless he gives bail as provided in section 29–30–06, or until he is legally discharged."

29–30–09. "The person arrested as a fugitive must be discharged from custody or bail unless before the expiration of the time designated in the warrant or undertaking he is arrested under the warrant of the governor of this state."

29–30–11. "Any person who is arrested within this state by virtue of a warrant issued by the governor of this state upon a requisition of the governor of any other state or territory, as a fugitive from justice under the laws of the United States, shall not be delivered to the agent of such state or territory until notified of the demand made for his surrender, and he must be given twenty-four hours to make demand for counsel. Should such demand be made for the purpose of suing out a writ of habeas corpus, the prisoner shall be taken forthwith to the nearest judge of the district court and ample time given to him to sue out such writ, such time to be determined by the said judge of the district court. Any officer who shall deliver a fugitive to the agent for extradition without first having complied with the provisions of this section shall be guilty of a misdemeanor."

Pursuant to § 29–30–03, N.D.C.C., the committing magistrate issued a warrant for the arrest of the petitioner, which warrant was based upon a complaint issued pursuant to the statute and to which complaint was attached and incorporated by reference the original State of Indiana warrant. Section 29–30–04, N.D.C.C., provides for the arrest and commitment of a person charged with crime in another State, and further indicates that the proceedings for arrest and commitment are similar to those provided for when a person is charged with a crime committed in this State. Section 29–30–05, N.D.C.C., gives the procedural steps necessary with reference to the issuance of a warrant by the committing

magistrate. It involves the initial arrest of a person and the issuance of a warrant of commitment for a reasonable time in which to allow the demanding State to complete the formal extradition—a process by which a warrant is issued by the governor of this State which grants to the demanding State the right to remove the person from the asylum State's jurisdiction to that of the demanding State.

■ The main issue before this court is whether the arrest and commitment of Richard Wilkins was lawful and valid.

■ Under § 29–30–04, N.D.C.C., it is contemplated that the initial proceedings for the arrest and commitment of a person charged with a crime in another State is governed by the proceeding as set forth for the arrest and commitment of a person charged with an offense committed in this State. It further provides for certain evidentiary documents which may be considered by the committing magistrate. In the instant proceedings, Wilkins was brought before the magistrate, pursuant to § 29–30–05, N.D.C.C. We must be mindful of the fact that the petitioner has not asserted that he was not given a hearing before the magistrate, but urges that there was no exemplified copy presented of the indictment found, or other judicial proceeding had, against him in the demanding State. This argument is unpersuasive because the original Indiana warrant includes sufficient information to apprise the magistrate of the petitioner's status, his criminal record, his conviction, and his violation of parole. Where the original Indiana warrant was in fact attached to and made a part of the complaint by reference, and the original Indiana warrant and the North Dakota warrant were served upon the petitioner, he is not in a position to complain that there should also be an exemplified copy of other judicial documents at this stage of the extradition proceedings.

■ The petitioner further urges that there is no proof or showing that the peti-

tioner was actually charged in Indiana with a crime. A perusal of the original Indiana warrant reveals that the petitioner had not only been charged with a crime in the State of Indiana, but that he had been convicted of a felony and sentenced to the penitentiary, and was subsequently paroled and, since February of 1970, was declared a parole violator. Wilkins does not allege that he is not the Richard C. Wilkins to whom the Indiana warrant refers, nor does he deny that he was convicted of a felony. We are again not convinced by this argument and determine that the magistrate, upon the basis of an examination of the accused, had probable cause to commit the petitioner to the custody of the Burleigh County sheriff.

■ The petitioner strenuously contends that the issuance of the complaint in North Dakota has no legal significance; that it is a nullity; and that, therefore, the warrant issued by the committing magistrate would be invalid because no crime was committed in North Dakota. Petitioner further urges that there is no such crime as a "fugitive from justice" under our statutes and, accordingly, that the petitioner was denied due process and equal protection of the law under the Federal and State Constitutions. The petitioner has not fully considered § 29–30–02, N.D.C.C., which specifically provides for delivery of a fugitive upon requisition of the governor of a demanding State. Extradition betwen the various States is provided for by the United States Constitution (art. IV, § 2) and by the enabling Federal statutes. This section of the United States Constitution, when considered with §§ 29–30–03, 29–30–04, and 29–30–05, N.D.C.C., provides the basis for extradition proceedings in this State. This brings us to the petitioner's contention that violating a parole is not a crime subjecting him to extradition, and to the basic reason for his attack upon the North Dakota complaint and the magistrate's warrant. In Ex parte Amundson, 74 N.D. 134, 20 N.W.2d 340 (1945), this court held that a parole viola-

tor was a fugitive from justice and subject to extradition.

"The term 'charged with crime,' as used in the Constitution and statute, seems to us to have been used in its broad sense, and to include all persons accused of crime. It would be a very narrow and technical construction to hold that after the accusation, and before conviction, a person could be extradited, while after conviction, which establishes the charge conclusively, he could escape extradition. The object of the provisions of the Constitution and statute is to prevent the escape of persons charged with crime, whether convicted or unconvicted, and to secure their return and punishment if guilty. Taking the broad definition of 'charged with crime' as including the responsibility for crime, the charge would not cease or be merged in the conviction, but would stand until the judgment is satisfied. It would include every person accused, until he should be acquitted, or until the judgment inflicted should be satisfied. Any other construction would prevent the return of escaped convicts upon the charge under which they had been sentenced, and defeat in many instances the ends of justice. The relator was convicted of the crime of larceny in Indiana, and sentenced, and the term of sentence has not yet expired. That charge of larceny continues to be a charge against him until the sentence has been performed, and he therefore stands 'charged with crime,' within the meaning of that term as used in the federal Constitution." Hughes v. Pflanz, 6 Cir., 138 F. 980, 71 C.C.A. 234 (1905), cited in 78 A.L.R. 419, at page 423.

The complaint, in light of the incorporation by reference of the original Indiana warrant and the magistrate's warrant issued thereon, is sufficient to comply with § 29–30–04, N.D.C.C., and the determination made by the committing magistrate satisfies the requirements of § 29–30–05, N.D.C.C., especially in view of Ex parte Amundson and the *Hughes* case cited in 78 A.L.R. 419, at page 423. The arguments of the petitioner are not convincing and we conclude that the rule set forth in Ex parte Amundson and in the 78 A.L.R. annotation at page 423 is the rule to be followed in this State, in that the committing magistrate's functions did not violate the provisions of the Federal and State Constitutions, because his duties were performed in accordance with the statutes and there was no denial of due process in that the magistrate's complaint and warrant were not invalid; and, further, that there is no showing that there was any denial of equal protection of the law for this petitioner.

Wilkins also contends that the demanding State did not comply with certain requirements; that a request was not made by the executive authority of the demanding State; that there is no proof or showing that the petitioner is actually charged in Indiana with treason, a felony, or other crime; and that the motion and request for additional time and the order dated April 24, 1970, providing 40 more days in which to perfect the Indiana extradition proceedings, is illegal and void because based upon the alleged illegal proceedings hereinbefore described, and, accordingly, is unreasonable, arbitrary, and is a denial of due process of the law. Having already determined that the magistrate's complaint and warrant were valid, we now consider petitioner's other contentions.

■ Section 29–30–11, N.D.C.C., provides that a fugitive who is arrested within this State by virtue of a warrant issued by the governor of this State upon a requisition of the governor of another State shall be given 24 hours to make demand for counsel, and further time shall be granted to him if he desires to test the governor's warrant through the process of a writ of habeas corpus. Since the proceedings under § 29–30–11, N.D.C.C., have not been completed, these contentions are premature and need not be considered.

■ The petitioner's remaining contention is that the extension of time for a period of 40 days is an unreasonable length of time to allow the State to complete the extradition process. Pursuant to § 29-30-09, N.D.C.C., the person arrested as a fugitive must be discharged from custody unless, before the expiration of the time designated in the warrant, he is arrested under the warrant of the governor of this State. The time period so designated must be reasonable and is within the discretion of the committing magistrate. § 29-30-05, N.D.C.C. The committing magistrate was aware of the circumstances which governed the time extension necessary for the demanding State to complete the extradition, and we accordingly find that the granting of an additional 40-day period was not unreasonable, in that the magistrate did not abuse his discretion.

The writ is hereby quashed.

TEIGEN, C. J., and ERICKSTAD, STRUTZ and KNUDSON, JJ., concur.