James Claude **TEDDER**, Petitioner,

v.

**J. D. COX**, Superintendent, Virginia State Penitentiary, Respondent.

**Civ. A. No. 70–C–27–L.**

United States District Court,
W. D. Virginia,
Lynchburg Division.

Sept. 3, 1970.

Vann Lefcoe, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION and JUDGMENT

DALTON, Chief Judge.

This case comes before the court on a petition for a writ of habeas corpus filed *in forma pauperis* by James Claude Tedder, a state prisoner, pursuant to 28 U.S.C. § 2241. The petition was filed with the United States District Court for the Eastern District of Virginia and by order dated July 8, 1970, was transferred to this court.

Petitioner is currently detained pursuant to judgments of the Corporation Court of the City of Lynchburg, imposed on June 2, 1969, for forgery and uttering wherein petitioner received a total term of four years. Petitioner, represented by court-appointed counsel, entered a plea of not guilty and was tried by a jury.

Petitioner appealed his convictions to the Virginia Supreme Court of Appeals and on March 10, 1970 the convictions were affirmed. Petitioner presented two questions on appeal. First, he alleged that the trial court improperly excluded certain evidence. Secondly, he alleged that the difference in classification of the offense of forgery and uttering as embodied in §§ 18.1–94 and 18.1–96 of the Code of Virginia is arbitrary and unnatural, and is a denial of the equal protection of the laws. Petitioner raises these same questions for consideration in this action. Having presented these claims to the highest court in the state, petitioner has exhausted his available state court remedies in compliance with 28 U.S.C. § 2254. Thomas v. Cunningham, 313 F.2d 934 (4th Cir. 1963).

In this action petitioner alleges, also, that he was illegally extradited from Mississippi to Virginia. Petitioner did not present this claim on appeal and has not sought habeas corpus relief in the state courts. Although petitioner has not exhausted his available state remedies, the court finds that the claim is without merit. Improper extradition proceedings are not grounds for setting aside a state court conviction. Frisbie v. Collins, 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541 (1952).

Next petitioner claims that certain evidence was improperly excluded at his trial. Petitioner was convicted of forging his wife's signature to a bank note. At the trial petitioner attempted but was not permitted to present evidence concerning the family relationship. Out of the presence of the jury, petitioner's wife testified she believed the money from the notes was applied by the petitioner for the benefit of the family. She stated further that her husband voluntarily paid $20.00 a week to her and in addition bought "all of his children's clothes and paid some of the doctors bills." She concluded that she needed her husband's financial support to keep her family together.

This claim does not raise a constitutional issue. Whether these facts constitute a defense or may be shown in mitigation were questions for the state courts to determine. Chaplinsky v. New Hampshire, 315 U.S. 568, 62 S.Ct. 766, 86 L.Ed. 1031 (1942).

Finally, petitioner contends that he was denied the equal protection of the laws. Petitioner was tried under § 18.1–94 of the Code of Virginia for forging and uttering two bank notes. Upon conviction this statute prescribes confinement in the penitentiary for not less than two nor more than ten years. For forging any other writing, such as a check, § 18.1–96 of the Code of Virginia prescribes a punishment in the penitentiary for "not less than two years nor more than ten years, or, in the discretion of the jury * * * he shall be confined in jail not less than six months nor more than twelve months."

Petitioner contends that a classification based on the type of instrument forged is arbitrary, unreasonable, and unnatural, and bears no relationship whatsoever to the nature of the act. It is not the purpose of this court to determine the precise motives of the state legislature. As long as the distinction can be found to have some basis in fact or logic this court will decline to find the statute unconstitutional.

Sound financial institutions are essential to a stable economy. Forgeries committed against financial institutions pose greater threat to the economy of the general community than other forgeries. Also, a forgery committed against a financial institution merits severer punishment because generally greater amounts of money are involved. Recognizing that there are logical reasons for the distinction, the court declines to declare the statute unconstitutional.[1]

For the foregoing reasons, it is adjudged and ordered that the petition for a writ of habeas corpus be dismissed and the relief denied.

If the petitioner wishes to appeal this judgment or any part thereof, he may do so by filing with the clerk of *this* court a notice of appeal. Failure to file the notice of appeal within 30 days may result in a denial of the right to appeal. The notice shall state the following:

1. The party or parties taking the appeal;

2. The judgment, order or part thereof appealed from; and

3. The court (United States Court of Appeals for the Fourth Circuit) to which the appeal is taken.

The clerk is directed to certify copies of this opinion and judgment to the petitioner and to the respondent.

---

1. The court in a habeas corpus proceeding is not restricted by 28 U.S.C. § 2281. United States ex rel. Robinson v. York, 281 F.Supp. 8 (D.Conn.1968); United States ex rel. Laino v. Warden of Wallkill Prison, 246 F.Supp. 72 (S.D.N.Y.1965). Therefore this court is not required to convene a three judge court to determine the constitutionality of the state statute.