# IN THE COURT OF APPEALS OF IOWA

No. 18-0270
Filed December 19, 2018

**DREW MATTHEW MOIR,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Plymouth County, Jeffrey A. Neary,

Judge.

Drew Moir appeals the district court order summarily dismissing his

application for postconviction relief.  **REVERSED AND REMANDED.**

Zachary S. Hindman of Mayne, Hindman, & Daane (until withdrawal), Sioux

City, and Priscilla E. Forsyth, Sioux City, for appellant.

Thomas J. Miller, Attorney General, and Zachary C. Miller, Assistant

Attorney General, for appellee State.

Considered by Danilson, C.J., and Potterfield and Doyle, JJ.

**DOYLE, Judge.**

Drew Moir appeals the summary dismissal of his application for postconviction relief (PCR), finding it was barred by the statute of limitations because it was filed more than three years after judgment and sentence was entered.  *See* Iowa Code § 822.3 (2017).  Because we construe a letter Moir mailed to a district court judge and filed by the clerk of court before the statute of limitations ran as a PCR application, we reverse the dismissal and remand for further proceedings.

**I. Background Facts and Proceedings.**

On February 17, 2014, Moir filed a written waiver of rights and guilty plea to one count of assault with intent to commit sexual abuse.  The next day, on February 18, 2014, the district court accepted Moir's plea and sentenced him to a two-year suspended sentence.  Moir violated his probation by absconding from supervision the following month.

In a letter to a district court judge dated October 1, 2016, Moir wrote:

> My name is Drew Moir.  Your name was given to me because you may be able to help me.  A few years ago I was accused of misdemeanor assault with intent to commit sexual (assault or abuse).  I was 17 years old at the time and the Public Defender that was defending me, coerced me into signing a plea bargain.  He told me that if I didn't sign the plea bargain (which was probation and registering as a sex offender), then I was going to go to prison for up to a year.  I was scared and under the impression that plea bargains were not an admission of guilt.
> After I finally realized that I was admitting guilt it was too late, I thought so I violated probation and went to Illinois.  I am currently in Illinois prison and am trying to get my life back together.  I get out December 13, 2017 and I plan on turning myself in for violating my probation in Le Mars as soon as I get out.  I am not a sex offender and do not want to live my life as a sex offender.  I am 20 years old and want to get my life in order so that I can live a productive life.  My father, David Moir, and my grandmother, Audra Moir, told me that

you were a superb lawyer and are an excellent Judge. I believe you married my father and my stepmother Mellisa Moir.

If there is any way you can help I would greatly appreciate it. If not, could you please recommend anyone that may be able to help me clear my name. [The remaining text on the page is cut off the copy provided in our electronic record—apparently a result of the scanning process.]

The judge replied by an undated letter acknowledging receipt of Moir's letter the previous fall, apologizing for the delay in responding, and explaining he could not assist Moir because of ethical reasons. The judge's letter and Moir's letter were filed by the clerk of court in the criminal case on January 24, 2017.

On September 18, 2017, Moir filed a pro se application for PCR with similar allegations raised in his letter to the district court judge. The State responded by asking the district court to dismiss the application because Moir failed to file it within the three-year limitation period set forth in Iowa Code section 822.3 (2017). After a hearing, the district court sent Moir notice that it intended to dismiss the PCR application and gave Moir an opportunity to respond. *See* Iowa Code § 822.6 (stating that if the court determines an applicant is not entitled to PCR, it may indicate to the parties its intention to dismiss the application but must provide the applicant an opportunity to reply to the proposed dismissal). In his reply, Moir argued the court should construe his letter to the district court judge as a PCR application. He also argued the court should adopt and apply the doctrine of equitable tolling because he was without access to Iowa law books and other Iowa legal resources while incarcerated in Illinois. The district court rejected Moir's arguments and dismissed his PCR application, and Moir appealed.

**II. Scope and Standard of Review.**

"Our review of the court's ruling on the State's statute-of-limitations defense is for correction of errors of law. Thus, we will affirm if the trial court's findings of fact are supported by substantial evidence and the law was correctly applied." *Nguyen v. State*, 829 N.W.2d 183, 186 (Iowa 2013) (citations omitted).

**III. Analysis.**

Moir contends his October 2016 letter to the district court judge amounted to a PCR application. Because the letter was sent and filed within three years of the date his conviction was final, it falls within the statute of limitations. The question is whether Moir's letter was sufficient to initiate a PCR action.

We first note that there is precedent for Moir's argument that correspondence from a pro se litigant may qualify as a PCR application based on the substance of the correspondence. In *Mears v. State Pub. Defs. Office*, No. 12-1176, 2013 WL 2371308, at *1 (Iowa Ct. App. May 30, 2013), we observed that the district court filed defendant's letter to the court requesting to receive earned-time credit as a PCR application based on the substance of the letter. Because our legislature adopted the PCR statute with the "general purpose to make uniform the law of those states which enact Uniform Postconviction Procedure Act [(UPPA)]," Iowa Code § 822.10, we note that other states that have adopted the UPPA have also interpreted correspondence from pro se defendants as sufficient to initiate a PCR action. *See, e.g.*, *Sayas v. State*, 88 P.3d 776, 779 (Idaho Ct. App. 2003) (holding "a letter to a trial court from a defendant can be treated as some type of motion or application for post-conviction relief"); *Dionne v. State*, 459 P.2d 1017, 1019 (Idaho 1969) ("It is immaterial whether a petition or application is

labeled Habeas Corpus or Post Conviction proceeding. Substance not form governs."); *State v. Jackson*, 94CA005843, 1994 WL 620372, at *1-2 (Ohio App. 9th Dist. Nov. 9, 1994) (reversing district court's treatment of prisoner's letter as a pro se motion for PCR only because the relief sought in the letter—finding the prisoner's attorney in contempt—was not the type of relief contemplated when the legislature adopted the UPPA).

Because a letter to the district court may be sufficient to initiate a PCR action, we turn to the question of whether Moir's specific request was sufficient. The requirements for initiation of a PCR action are set forth in Iowa Code section 822.4, which requires the applicant to:

(1) identify the proceedings in which the applicant was convicted;

(2) give the date judgment or sentence was entered;

(3) set forth the grounds upon which the application is based; and

(4) clearly state the relief desired.

Moir's letter complies with these requirements to some degree. With regard to the first, Moir's letter provides identifying information, including his name, the case number, the crime charged, and the disposition of his case. He does not provide the specific date the district court entered judgment but states he was accused of the crime "a few years ago." However, the identifying information provided is sufficient to allow for determination of the date judgment was entered. The letter does set forth the grounds upon which Moir bases relief because it states that the guilty plea was coerced rather than voluntary. Finally, Moir's statement that he does not want to live his life as a sex offender and his request for the opportunity to dispute the charges to clear his name states the relief he desires.

We conclude Moir's letter provides sufficient detail to initiate PCR proceedings.[1]  Iowa no longer requires technical forms of pleadings.  *See* Iowa R. Civ. P. 1.402(2)(a).  Additionally, our pleading rules are to be construed to "secure a just, speedy and inexpensive determination of all controversies on their merits."  Iowa R. Civ. P. 1.402(1).  Most importantly, the Iowa Supreme Court has stated that the spirit of our PCR statute "requires us to examine the substance of the petition for any meritorious claims regardless of form."  *Gardels v. Brewer*, 190 N.W.2d 803, 806 (Iowa 1971).

The State notes Moir failed to comply with Iowa Code section 822.3, which requires the PCR application to be "verified" by the applicant.  The State further argues the letter is insufficient because "[f]acts within the personal knowledge of the applicant and the authenticity of all documents and exhibits included in or attached to the application must be sworn to affirmatively as true and correct."  Iowa Code § 822.3.  Although we are unable to determine whether Moir's letter complies with the verification requirements because the electronic copy of the letter included in our record cuts off Moir's signature block, such deficiencies are not fatal.  *See First Nat'l Bank v. Stone*, 98 N.W. 362, 363 (Iowa 1904) ("The filing of a petition that is merely defective in some matter of form, or even of substance, so long as its purpose and intent are indicated with reasonable certainty, and the other party is not misled into a belief that the action is abandoned, should not be a cause for sending the plaintiff out of court . . . ."); *see also Brown v. Kerkhoff*, No.

---

[1] We also find the detail provided in Moir's letter is comparable to that required on the PCR application form found on our judiciary website.  *See Application for Postconviction Relief*, Iowa Judicial Branch, https://www.iowacourts.gov/browse/files/97cef3ccaf174317a31543 42df374a9e/download (last visited Nov. 30, 2018).

4:05 CV 00274 JEG, 2005 WL 2671529, at *11 (S.D. Iowa Oct. 19, 2005) (stating that "the Iowa Supreme Court's flexible interpretation of the signature requirement suggests that a failure to include the last page of a pleading would not be fatal").

Under the specific facts before us, we conclude Moir's letter to the district court provided sufficient information to be considered a PCR application. Because the letter was filed within three years of the date his conviction was final, Moir's PCR action was timely. We reverse the order summarily dismissing Moir's PCR application and remand to the district court for further proceedings.

**REVERSED AND REMANDED.**