CHARLES LOCKE

*v.*

CARY L. BURNS, *Sheriff, etc.*

(No. 13845)

Decided November 8, 1977.

*James B. McIntyre, Ralph C. Binford,* for plaintiff-in-error.

*Chauncey H. Browning,* Attorney General, *John L. MacCorkle,* Assistant Attorney General, for defendant-in-error.

CAPLAN, CHIEF JUSTICE:

In this appeal from a judgment of the Circuit Court of Greenbrier County denying a writ of habeas corpus, sought in an extradition proceeding, the issue is whether the warrant of the Governor of the State of West Virginia was valid. We find that such warrant, issued pursuant to a request of the Governor of Missouri, was invalid and the said judgment is reversed.

Charles L. Locke, who was charged with the commission of a crime in the State of Missouri, was apprehended in this state pursuant to an arrest warrant signed by the Governor of West Virginia. In his habeas corpus proceeding Locke contended that the said arrest warrant was based on a faulty complaint and warrant issued in Missouri. The record shows that although the complaint, signed by a Lt. Steve Breshears, was on a form of the Magistrate Court of Cass County, Missouri, it was sworn

to before a notary public. Furthermore, the appellant says that the complaint failed to allege sufficient facts to show probable cause that he committed a crime in Missouri.

Accompanying the complaint was a Cass County, Missouri arrest warrant, the latter being signed by the magistrate and a certificate of authentication being executed by the clerk and said magistrate. Upon these papers the Governor of West Virginia issued his warrant for the arrest of Locke.

Extradition of fugitives is provided for in 4 U.S.C. § 3182 (1948) as follows:

"Whenever the executive authority of any State or Territory demands any person as a fugitive from justice, of the executive authority of any State, District or Territory to which such person has fled, and produces a copy of an indictment found or an affidavit made before a magistrate of any State or Territory, charging the person demanded with having committed treason, felony, or other crime, certified as authentic by the governor or chief magistrate of the State or Territory from whence the person so charged has fled, the executive authority of the State, District or Territory to which such person has fled shall cause him to be arrested and secured, and notify the executive authority making such demand, or the agent of such authority appointed to receive the fugitive, and shall cause the fugitive to be delivered to such agent when he shall appear. If no such agent appears within thirty days from the time of the arrest, the prisoner may be discharged."

Locke, pointing out that no indictment was produced in this state, asserts that the complaint or affidavit, not having been made before a magistrate, as required by the above quoted code section, is insufficient to support the governor's warrant. As noted above, it is undisputed that the complaint was sworn to before a notary public, not a magistrate.

In *Ex Parte Davis*, 33 Mo. 262, 62 S.W.2d 1086 (1933), the Governor of Missouri issued an extradition warrant upon the request of the Governor of Wisconsin. Davis challenged the warrant, contending that the affidavit upon which the warrant was issued was not in compliance with federal law, in that it was sworn to before a clerk of the court rather than before a magistrate as required by said law. The Missouri Supreme Court held that "before" means in the presence of the magistrate and not that the magistrate must actually administer the oath. The court then said that the record sufficiently established that the affidavit was made before a magistrate within the meaning of the federal statute.

We are concerned, not only with the Missouri court's interpretation of 4 U.S.C. § 3182 (1948), but with the provisions of our own statute, *W. Va. Code*, 1931, 5-1-7, as amended, which also requires that the affidavit be made before a magistrate or justice. In the *Davis* case the affidavit was signed by the Clerk of The District Court of Milwaukee County and perhaps it was reasonable for the court to have found that it was made before the magistrate. In the instant case, the affidavit having been signed by a notary public and there being no showing that the magistrate was present, there is no evidence that it was made "before" a magistrate as required by federal and state law. How can one discern that an affidavit was made before a magistrate when he fails to execute it? The language of our statute is clear and requires that the affidavit be made before a magistrate or justice. When there is no ambiguity in a statute it will be applied, not construed. *State v. Riley*, ____ W. Va. ____, 215 S.E.2d 460 (1975); *Eggleton v. State Workmen's Compensation Commissioner*, ____ W. Va. ____, 214 S.E. 2d 864 (1975); *Carper v. Kanawha Banking and Trust Co.*, ____ W. Va. ____, 207 S.E.2d 897 (1974).

We conclude that the complaint and warrant presented to the Governor of West Virginia by the Missouri authorities were not in compliance with the requirements of *W. Va. Code*, 5-1-7, 1931, as amended, or 4 U.S.C.

§ 3182 (1948) and that the arrest warrant, under which this appellant was apprehended, was invalid.

It is further contended on this appeal that the Missouri complaint and warrant fail to establish probable cause for the issuance of the Governor's warrant. Article 3, Section 6 of the West Virginia Constitution and the Fourth Amendment of the United States Constitution provide that no warrant shall issue except "upon probable cause". Those proscriptions apply to arrest as well as search warrants. See *Giordenello v. U.S.*, 357 U.S. 480 (1958).

In *Gerstein v. Pugh*, 420 U.S. 103 (1975), the Supreme Court held that the Fourth Amendment requires a judicial determination of probable cause as a prerequisite of extended restraint of liberty following arrest. The Court said: "Whatever procedure a State may adopt, it must provide a fair and reliable determination of probable cause as a condition for any significant pretrial restraint of liberty, and this determination must be made by a *judicial* officer either before or promptly after arrest." (emphasis supplied) *See also, Ierardi v. Gunter*, 528 F.2d 929 (1st Cir.1976). The Missouri complaint, serving as the basis for the determination of probable cause, was made before a notary public, not a judicial officer. That extradition involves significant restraint is reflected by the following language of the court in *Ierardi v. Gunter, supra,:* "At best extradition means an extended period of detention, involving custody pending administrative arrangements in two states as well as forced travel in between."

We are of the opinion, therefore, that there having been no judicial determination of probable cause which would support the arrest warrant, such warrant must be declared invalid.

Yet another reason compels a reversal of the trial court's order. Both 4 U.S.C. § 3182 (1948) and *W. Va. Code*, 1931, 5-1-7, as amended, require that the "affidavit", serving as the basis for extradiction be authenticated by the "governor or chief magistrate" or by the

"executive authority" making the demand. No such authentication appears in the present record.

For the foregoing reasons, the judgment of the Circuit Court of Greenbrier County is reversed and the case is remanded with directions that the appellant be discharged.

*Reversed and remanded*
*with directions.*