STATE of South Dakota ex rel. Bruce William HALL, Petitioner and Appellant,

v.

Lester HAWKEY, Sheriff of Minnehaha County, South Dakota, the Magistrate Division of the Circuit Court and its officers and its agents, Phillip Dressler, as Agent of the State of Minnesota, Respondents.

No. 12222.

Supreme Court of South Dakota.

Argued Jan. 13, 1978.

Decided March 2, 1978.

Steven W. Sanford, of Braithwaite & Cadwell, Sioux Falls, for petitioner and appellant.

B. Elizabeth Godtland, Asst. Atty. Gen., for respondents; William J. Janklow, Atty. Gen., Pierre, on the brief.

DUNN, Chief Justice.

This matter arises on appeal from an April 25, 1977 order of the Circuit Court, Second Judicial Circuit, quashing the petitioner's writ of habeas corpus. The petitioner seeks to avoid extradition to Minnesota contending (1) that the evidence offered varied materially from the complaint and (2) that insufficient probable cause was shown. We affirm.

In 1972, Bruce Hall was convicted in Minnesota of uttering a forged instrument and given a sentence not to exceed ten years. In 1974, he was convicted of escape and given a sentence not to exceed five years and a $300 fine. On May 2, 1975, he was paroled and subsequent to that date he left the State of Minnesota, allegedly without permission, in violation of his parole agreement.

In 1977, a complaint was filed in magistrate court in Sioux Falls charging Hall with being a fugitive from justice and seeking his extradition. A hearing was held in front of a magistrate in February of 1977. The magistrate dismissed the complaint for two reasons: (1) the principal supporting document was not in the form of a sworn affidavit as required by the Fourth Amendment to the United States Constitution, and (2) no probable cause was shown in that there was no evidence that Hall had signed the parole agreement and there was also no evidence showing he did not have permission to leave Minnesota.

A new complaint was issued in February of 1977, making the same allegations and using the same documents with the exception that the written statement of the chairman of the Minnesota Corrections Authority was in the form of a sworn affidavit. Hearing was held before a different magistrate, and the testimony of Steven Ulmen, Hall's parole officer of record from Minnesota, was offered in addition to the documentary evidence. Ulmen testified that Hall had left the state without permission but admitted that another man was serving as Hall's parole agent at the time Hall left.

Hall was ordered delivered to Minnesota authorities. A stay was granted, and this writ of habeas corpus was applied for.

The petitioner's first argument is that the evidence presented was outside the scope of the complaint. The complaint alleged that the petitioner "did wilfully and unlawfully be and appear as a fugitive from justice from the State of Minnesota, the Defendant having been accused of parole violation for a crime punishable by imprisonment in Minnesota for a term of over one year, and the Defendant did subsequently flee from justice from Minnesota, and be and appear in the State of South Dakota * * *."

It is the petitioner's position that no extraditable offense was committed until he left Minnesota, and, as a result, he cannot be extradited pursuant to SDCL 23–24–3, which requires that the accused be present in the demanding state at the time of the commission of the alleged crime. He contends that he could only be extradited pursuant to SDCL 23–24–7, which gives the governor discretion to extradite anyone committing an act in this state, or in a third state, intentionally resulting in a crime in the state whose executive authority is making the demand. This court's opinion in *Ex Parte Kaufman*, 1949, 73 S.D. 166, 39 N.W.2d 905, is relied upon to support this argument.

We are convinced that this extradition was properly carried out pursuant to SDCL 23–24–3 and that the argument made by the petitioner ignores the plain wording of the act. SDCL 23–24–3 is taken from the Uniform Criminal Extradition Act and reads in part:

"No demand for the extradition of a person charged with crime in another state shall be recognized by the Governor unless in writing alleging, except in cases arising under § 23–24–7, *that the accused was present in the demanding state at the time of the commission of the alleged crime, and that thereafter he fled from the state, and accompanied* by a copy of an indictment found or by information supported by affidavit in the state having

jurisdiction of the crime, or by a copy of an affidavit made before a magistrate there, together with a copy of any warrant which was issued thereupon; *or by a copy of a judgment of conviction or of a sentence imposed in execution thereof, together with a statement by the executive authority of the demanding state that the person claimed has * * * broken the terms of his bail, probation or parole. * * * "* (emphasis added)

This court has stated that this statute provides for two alternative showings by the demanding state in order to secure extradition: that the person has been charged with a crime and fled, or that, having been convicted and sentenced, he has escaped from confinement or has broken the terms of his bail, probation or parole. *State ex rel. Martin v. Boos*, 1971, 85 S.D. 484, 186 N.W.2d 130. Our reading of the complaint and accompanying documents indicates that they clearly comply with the second alternative and might be sufficient to comply with the first alternative, although this does not need to be decided. Several states have ruled that a parole violator can be extradited pursuant to § 3 of the Uniform Act, which is identical to SDCL 23–24–3. *Wilkins v. Granrud*, 1970, N.D., 178 N.W.2d 644; *Martello v. Baker*, 1975, Colo., 539 P.2d 1280; *In Re Austin*, 1971, 186 Neb. 815, 186 N.W.2d 723.*

The petitioner's reliance on *Kaufman*, supra, is misplaced. This court held in that case that a person wanted for child desertion and nonsupport in California was not a "fugitive from justice" under the predecessor to SDCL 23–24–3 and could not be extradited under that provision. That is distinguishable from this case by the fact that SDCL 23–24–3 specifically provides that parole violators are to be extradited under that provision.

Having concluded that the documents are sufficient to support an extradition pursuant to SDCL 23–24–3, we turn to the question of whether probable cause for extradition of the petitioner was shown. The United States District Court for the District of South Dakota has held that interstate extradition involves a " 'significant pretrial restraint of liberty' " and, therefore, probable cause for arrest must be shown. *Wellington v. State of South Dakota*, 1976, 413 F.Supp. 151, 154.

The petitioner argues that he is being extradited for the crime of parole violation; that probable cause must be shown before extradition can occur; that the state has failed to show probable cause by failing to show that the petitioner was in Minnesota when the parole was violated; and that the state failed to show that he signed the parole agreement.

The documents accompanying the complaint include a warrant from the Minnesota Corrections Authority authorizing the apprehension of the petitioner for parole violation, an application to the Governor of Minnesota by the Chairman of the Minnesota Corrections Authority accompanied by his affidavit setting out the convictions and sentences of the petitioner and the fact that he has fled the State of Minnesota in violation of his parole, a request from the Governor of Minnesota certifying and authenticating the documents provided by the Chairman of the Minnesota Corrections Authority and requesting the petitioner's extradition, and transcripts of the sentencing of the petitioner when he was originally incarcerated. In addition to these documents, the petitioner's parole officer of record testified in person that the petitioner left the state without permission in violation of his parole agreement.

In extradition cases, the executive warrant is presumed to be valid, and the person being extradited must overcome the prima facie existence of every fact that the governor was obliged to determine prior to issuing the executive warrant. *Jernigan v. Sheriff*, 1970, 86 Nev. 387, 469 P.2d 64;

* In a case decided prior to passage of the Uniform Criminal Extradition Act, this court decided that one who violated his parole by leaving the state without permission was a fugitive from justice under the federal extradition law. *Ex Parte Colcord*, 1926, 49 S.D. 416, 207 N.W. 213.

*Marshall v. Sheriff*, 1971, 87 Nev. 455, 488 P.2d 1157; *Graham v. Vanderhoof*, 1974, 185 Colo. 334, 524 P.2d 611. We can take notice of the fact that the petitioner was found in South Dakota and thus had left Minnesota, which adds credence to the charge against him. In addition, the petitioner did not rebut the evidence of the state against him and thus failed to meet his burden of proof of overcoming the presumed truth and validity of the statements of the Minnesota Governor. *Wortham v. State of Alaska*, 1974, Alaska, 519 P.2d 797; *Thurman v. State*, 1974, Iowa, 223 N.W.2d 248. We are convinced that the evidence presented here satisfies the probable cause requirements in that there is reason to believe that the petitioner still has time to serve on his sentence in Minnesota and that he left Minnesota in violation of his parole conditions.

The order of the trial court quashing the writ of habeas corpus is affirmed.

All the Justices concur.