## No. 28016

**Roger Gordon v. Dan Cronin, Manager of Safety and Excise, and Ex-Officio Sheriff of Denver, and Wayne K. Patterson, Warden of the Jail, City and County of Denver, State of Colorado**

(586 P.2d 226)

Decided October 30, 1978.

John A. Purvis, Acting State Public Defender, Craig L. Truman, Chief Deputy, Thomas M. Van Cleave III, Deputy, for appellant.

J. D. MacFarlane, Attorney General, David W. Robbins, Deputy, Edward G. Donovan, Solicitor General, Lynne Ford, Assistant, for appellees.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

The State of Missouri seeks to extradite the appellant. The Missouri governor's request alleges,

"It appears by the annexed documents, which I hereby certify to be authentic, and duly authenticated according to the laws of this State, that Roger Gordon stands convicted of the crime of robbery first by means of dangerous and deadly weapon . . . and that the said fugitive was present in this State at the time of the commission of the aforementioned crime; and has violated the terms of his parole . . . ."

The annexed documents include an Order of Request alleging the appellant disobeyed the terms of his parole by failing to notify his parole officer of his place of residency or loss of employment within 48 hours, and by failing to report regularly to his parole officer.

The appellant was detained pursuant to the request. His petition for writ of habeas corpus was heard and denied by the Denver District Court. He now appeals.

Appellant challenges the sufficiency of the extradition documents because they fail to set forth the nature of the alleged parole violations. He contends that some of the underlying facts should be set forth to establish the probable cause required by the Fourth Amendment.

■ No showing of probable cause is necessary for the extradition of a defendnt who has been convicted and sentenced. As stated recently by this court in *Wynsma v. Leach,* 189 Colo. 59, 536 P.2d 817 (1975):

"It is uniformly recognized that a crime that has resulted in conviction remains a charge under the constitution so long as the sentence resulting from conviction is unsatisfied. . . . Consequently, a parolee is subject to extradition as a fugitive because, as a convict with an unexpired sentence, he remains criminally 'charged.' His extradition is for original offense."

■ The challenge to the sufficiency of the documents is without merit.

The judgment is affirmed.

MR. JUSTICE ERICKSON and MR. JUSTICE PRINGLE do not participate.