## No. 28441

**Richard Tatum v. Dan Cronin, Manager of Safety and Excise, and Ex-Officio Sheriff of the City and County of Denver, and Wayne K. Patterson, Warden of the Jail of the City and County of Denver and State of Colorado**

(591 P.2d 97)

Decided March 5, 1979.

J. Gregory Walta, State Public Defender, Craig L. Truman, Chief Deputy, Robert Breindel, Deputy, for petitioner-appellant.

J. D. MacFarlane, Attorney General, David W. Robbins, Deputy, Edward G. Donovan, Solicitor General, J. Stephen Phillips, Assistant, for respondents-appellees.

*En Banc.*

MR. JUSTICE ROVIRA delivered the opinion of the Court.

Richard F. Tatum (defendant) was arrested in Denver and held for extradition to Minnesota. The extradition request was supported by a copy of judgments of conviction for aggravated assault and escape, and by a statement signed by the Governor of Minnesota that the defendant had violated the terms of his parole. The defendant petitioned the district court for a writ of habeas corpus alleging that the detention violated his rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and Article II, Sections 7 and 25 of the Colorado Constitution. The writ was discharged, and the defendant appealed. We affirm the order of the district court.

The defendant was convicted of two offenses in Minnesota: aggravated assault on December 9, 1970, and escape on January 23, 1975. He was sentenced to terms of ten years and eighteen months, respectively. On March 8, 1978, the defendant was granted parole subject to certain conditions, one of which was that he not leave the state of Minnesota without his parole officer's permission. The defendant was arrested in Denver pursuant to a fugitive charge under section 16-19-103, C.R.S. 1973, on July 5, 1978.

The defendant contends that the failure of Minnesota to state the underlying circumstances of the alleged parole violation renders the requisition documents insufficient. We disagree.

The offense for which the defendant is to be extradited is not the violation of parole. Rather, it is the substantive offenses of aggravated assault and escape, for which the defendant had not yet completed his sentence. Under such circumstances, all that is required is a record of conviction and a statement by the governor that the accused has violated his parole. *Wynsma v. Leach,* 189 Colo. 59, 536 P.2d 817 (1975). *Gordon v. Cronin,* 196 Colo. 418, 586 P.2d 226 (1978). Those documents were included in the material submitted to the officials in this state.

Accordingly, we affirm the order of the district court discharging the writ of habeas corpus.