# APRIL TERM, 1979

## No. 28379

### Robert Paul Morgan v. Arnold Miller, Sheriff of Arapahoe County and State of Colorado

(593 P.2d 357)

Decided April 9, 1979.                     Rehearing denied April 30, 1979.

J. Gregory Walta, State Public Defender, Craig L. Truman, Chief Deputy, Nicholas R. Massaro, Jr., Deputy, for petitioner-appellant.

J. D. MacFarlane, Attorney General, David W. Robbins, Deputy, Edward G. Donovan, Solicitor General, John Daniel Dailey, Assistant, for respondent-appellee.

*En Banc.*

MR. JUSTICE PRINGLE delivered the opinion of the Court.

Appellant Robert Paul Morgan seeks reversal here of a judgment of the District Court of Arapahoe County discharging his writ for habeas corpus. We affirm.

On or about July 14, 1978, the appellant was arrested in Arapahoe County and held for extradition to the State of Texas. The Texas governor's requisition reads, in pertinent part:

"and it has been represented and is satisfactorily shown to me that the accused was present in this State at the time of the commission of said crime and thereafter *VIOLATED THE TERMS OF HIS PROBATION* and fled from the justice of this State . . . ."

The documents supporting the extradition request included a judgment of his Texas conviction for first-degree burglary of a habitation, an order granting probation, and a Texas district attorney's unverified motion to revoke probation.

The appellant claims here that the extradition documents were fatally defective because they failed to set forth the particulars of the alleged probation violation. Thus, he says, no probable cause is shown on the face of the documents to allow appellant's extradition. We do not agree.

A similar issue has been recently addressed by this court in *Tatum v. Cronin,* 197 Colo. 227, 591 P.2d 97 (1979), and *Gordon v. Cronin,* 196 Colo. 418, 586 P.2d 226 (1978). Those cases are controlling here.

As we there said, no showing of probable cause is necessary for the extradition of a person who has been convicted and sentenced. *Gordon v. Cronin, supra.* Extradition is based not upon violation of the terms of his probation, but upon the substantive criminal offense for which the appellant has not yet completed his sentence. Under such circumstances, all that is required is a record of the conviction and a statement by the governor of the requisition state that the person sought has violated the terms of his probation. *Tatum v. Cronin, supra; Wynsma v. Leach,* 189 Colo. 59, 536 P.2d 817 (1975).

We therefore affirm the order of the district court discharging the writ of habeas corpus.