(640 P.2d 361)

No. 52,862

Charles L. Ellis, *Appellant*, v. Johnny Darr, Sheriff of Sedgwick County, *Appellee.*

Petition for review denied April 14, 1982.

Opinion filed February 11, 1982.

*Kiehl Rathbun,* of Wichita, for appellant.

*Jack Peggs,* assistant district attorney, *Clark V. Owens,* district attorney, and *Robert T. Stephan,* attorney general, for appellee.

Before Abbott, P.J., Parks and Meyer, JJ.

Abbott, J.: This is an extradition case in which Charles L. Ellis is alleged by the demanding state (Arkansas) to have violated the terms of his parole. Ellis's argument is based on language in *Coolidge v. New Hampshire,* 403 U.S. 443, 29 L.Ed.2d 564, 91 S.Ct. 2022 (1971); *Wilbanks v. State,* 224 Kan. 66, 579 P.2d 132 (1978); and *Gladney v. Sheriff of Leavenworth County,* 3 Kan. App. 2d 568, 598 P.2d 559 (1979).

The Uniform Criminal Extradition Act, K.S.A. 22-2701 *et seq.,* sets out the prerequisites for granting extradition. Its requirements to extradite one charged with committing a crime in the demanding state are different from those to extradite one who stands convicted and is accused of breaking the terms of bail, probation or parole.

Ellis served 22 years of a life sentence for his conviction of first degree murder in Arkansas. His sentence was subsequently commuted to a term of 92 years, 9 months and 3 days. He was paroled, and Arkansas now alleges he violated the terms of his parole. All that is required to grant extradition under those circumstances are

authenticated documents by the executive authority making demand, including a copy of the judgment of conviction (or of a sentence imposed in execution thereof) and a statement that the person claimed has escaped from confinement or has broken the terms of his or her bail, probation or parole. K.S.A. 22-2703. No showing of probable cause is necessary for the extradition of one who has been convicted and sentenced for a substantive criminal offense. *Morgan v. Miller,* 197 Colo. 341, 593 P.2d 357 (1979); *Ingram v. Dodd,* 243 Ga. 788, 256 S.E.2d 778 (1979).

We have examined the record before us and find that it contains the required documents duly authenticated; thus, the trial court did not err in dismissing Ellis's writ of habeas corpus.

Affirmed.