Gary MICHAELS, Petitioner-Appellant,

v.

Elvin R. CALDWELL, Manager of Safety and Ex-Officio Sheriff of the City and County of Denver, and Wayne K. Patterson, Sheriff of the City and County of Denver, Respondents-Appellees.

No. 81SA352.

Supreme Court of Colorado, En Banc.

June 7, 1982.

Rehearing Denied June 28, 1982.

Kathleen M. Cronan, Denver, for petitioner-appellant.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Clement P. Engle, Asst. Atty. Gen., Denver, for respondents-appellees.

HODGES, Chief Justice.

Appellant Gary Michaels petitioned the district court for a writ of habeas corpus to contest his extradition to Louisiana. He appeals from the district court's judgment denying his petition. We affirm.

Michaels was arrested as a fugitive from justice on November 6, 1980. Thereafter, an information was filed in the district court alleging that he was a fugitive from the state of Louisiana, where he had been convicted of theft, and later placed on parole. It was alleged that Michaels violated the terms of his parole by leaving the state of Louisiana. On November 18, 1980, he entered a not guilty plea to the fugitive charge and, because he was unable to make bond, he was remanded to custody pending arrival of the Governor's Warrant, which was filed in the district court on January 12, 1981. Pending arrival of the Governor's Warrant, the district attorney sought and was granted several continuances of the return date. Michaels was formally advised by the district court that the warrant had been filed and he subsequently filed a petition for writ of habeas corpus on February 20, 1981 which, after hearing, was denied by the district court. His extradition to the state of Louisiana was thereupon ordered.

Michaels first asserts that the district court was without jurisdiction to order

his extradition because he was not personally served with the Governor's Warrant. In *McClearn v. Jones,* 162 Colo. 354, 426 P.2d 192 (1967), this court addressed a similar challenge and concluded:

"[W]hen a person has been arrested for a crime in another state ... and is thereafter admitted to bail, the bond being returnable on a specified date, it is unnecessary to rearrest such person upon the issuance and filing in court of the Governor's Warrant. When such person appears on the day specified such appearance constitutes his surrender upon the Governor's Warrant and therefore the execution of the Governor's Warrant under these circumstances would be a meaningless formality and therefore unnecessary."

We can perceive no reason why this same rule should not apply where, as here, the defendant remains incarcerated pending the arrival of the Governor's Warrant. Accordingly, we find this assertion to be without merit.

■ Michaels' second contention is that the district attorney's delay in perfecting the extradition papers and in seeking the continuances until the Governor's Warrant was filed, deprived the district court of jurisdiction in the case. Under the facts of this case, we find no merit to this contention, and we also find the issue to be moot. We have consistently ruled that once a valid Governor's Warrant is issued, alleged illegalities and irregularities relating to the detention of the fugitive become moot. *Whittington v. Bray,* Colo., 612 P.2d 72 (1980); *Renton v. Cronin,* 196 Colo. 109, 582 P.2d 677 (1978); *Norrod v. Bower,* 187 Colo. 421, 532 P.2d 330 (1975); *Crumrine v. Erickson,* 186 Colo. 139, 526 P.2d 148 (1974).

■ Lastly, Michaels argues that the denial of his habeas corpus petition was improper because there was insufficient evidence to support the district court's conclusion that he was a fugitive. In *Morgan v. Miller,* 197 Colo. 341, 593 P.2d 357 (1979), this court stated:

"... [N]o showing of probable cause is necessary for the extradition of a person who has been convicted and sentenced

.... Extradition is based not upon violation of the terms of his probation, but upon the substantive criminal offense for which the appellant has not yet completed his sentence. Under such circumstances, all that is required is a record of the conviction and a statement by the governor of the requisition state that the person sought has violated the terms of his probation." (Citations omitted).

*See also Tatum v. Cronin,* 197 Colo. 227, 591 P.2d 97 (1979); *Gordon v. Cronin,* 196 Colo. 418, 586 P.2d 226 (1978); *Bernardo v. Cronin,* 191 Colo. 36, 550 P.2d 349 (1976); *Bryan v. Conn,* 187 Colo. 275, 530 P.2d 1274 (1975). Both a record of Michaels' conviction for theft and statement by the Governor of Louisiana that he violated the terms of his parole were included in the extradition documents. This amply supports the district court's conclusion that appellant Michaels was a fugitive.

The judgment of the district court denying the petition for a writ of habeas corpus is affirmed.