BOOTH, Judge.
This cause is before us on appeal from an order of the trial court denying petition for a writ of habeas corpus of appellant, who is held on a fugitive warrant issued by the Governor of Georgia. Appellant contends the warrant was defective in that it alleged that appellant was physically present in Georgia at the time of “the crime” and thereafter fled, whereas, in fact, his “crime” was violation of probation which occurred outside the State of Georgia.
The warrant states that the crime for which it is issued is “theft by receiving,” committed in the State of Georgia. The issue thus presented is whether the original offense, committed in Georgia, or the probation violation, which occurred in Florida, forms the basis for and controls the extradition demand. Under Section 941.03, Florida Statutes, the extradition demand must allege that the person charged was present in the demanding state at the time the crime was committed and that thereafter he fled from the state.
The trial court ruled as follows:
There remains a question as to whether or not the defendant is a fugitive.... It is uncontradicted that the defendant was not physically present in Georgia on October 12, 1981, the date that the alleged probation violation occurred. It has been stipulated by the parties that the defendant clearly was present in the State of Georgia on the date of the commission of the felony for which he was originally placed on probation. That felony being theft by taking or receiving stolen property.

There has long been a principle of law in this state that if a person violates his probation, by an act in another state, that act constitutes a violation of the crime for which he is on probation. Therefore he may be extradited to the state which placed him on probation for that crime.
The trial court, construing Section 941.03, Florida Statutes, correctly held that the extradition was based on the felony which occurred in Georgia.
In denying the petition for writ of habeas corpus, the trial judge relied in part upon Ex Parte Nabors, 33 N.M. 324, 267 P. 58 (1928), wherein the New Mexico Supreme Court, interpreting the Uniform Criminal Extradition Act, held that the original crime and not the violation of parole was controlling for extradition purposes. Florida adopted the Uniform Act, Chapter 941, Part I, Florida Statutes, in 1941, but to date no Florida cases have ruled directly on this point.[1] However, the Florida Supreme Court, in Russ v. State, 313 So.2d 758, 760 (Fla.1975), cert. denied, 423 U.S. 924, 96 S.Ct. 267, 46 L.Ed.2d 250 (1976), rejecting a double jeopardy claim, held that probation *614 violation “involves conduct which violates the terms of probation for an already-established criminal offense.” (emphasis theirs) The Russ case, supra, states the majority view that violation of probation is conduct which relates back to the original crime and further supports the holding below.
Affirmed.
McCORD and WENTWORTH, JJ., concur.

. Cases from other jurisdictions having the Uniform Act are in accord with the trial court’s decision. Wynsma v. Leach, 189 Colo. 59, 536 P.2d 817 (1975), Tatum v. Cronin, 197 Colo. 227, 591 P.2d 97 (1979), State ex rel. Hall v. Hawkey, 263 N.W.2d 141 (S.D.1978), Wilkins v. Granrud, 178 N.W.2d 644 (N.D.1970), and Austin v. Brumbaugh, 186 Neb. 815, 186 N.W.2d 723 (1971).