336 S.E.2d 922

**Elmer FEATHERS**

v.

**Jerry DETRICK, Sheriff.**

No. 16734.

Supreme Court of Appeals
of West Virginia.

Nov. 13, 1985.

William D. Highland, Charleston, for appellant.

Charlie Brown, Atty. Gen., Dana D. Davis, Asst. Atty. Gen., Charleston, for appellee.

McHUGH, Justice:

In this action, the appellant, Elmer Feathers, appeals from the final order of the Circuit Court of Mineral County, West Virginia. Pursuant to that order, entered on September 20, 1984, the circuit court denied the appellant relief in habeas corpus, following proceedings in which the appellant, who allegedly violated the conditions of his Indiana imposed parole, challenged his extradition to Indiana from West Virginia. The appellee is the Sheriff of Mineral County. The extradition having been stayed for purposes of this appeal, this Court has before it the petition for appeal, all matters of record and the briefs and argument of counsel.

The appellant was convicted in Indiana of criminal offenses in 1979 and 1980. He received a prison term in Indiana and was later released upon parole.

In November, 1983, the Indiana Parole Board, upon "due knowledge and information," declared the appellant to be a parole violator and "fugitive from justice." Thereafter, Harlan C. Hicks, an Indiana correctional officer and member of the Indiana Parole Board, issued with regard to the appellant a "Warrant for Retaking Paroled Offender." That warrant, dated May 21, 1984, provided in part:

Having reasonable cause to believe that Elmer Feathers—DOC 6926–P, a committed offender of the State of Indiana, conditionally released from the Indiana State Prison and under the supervision of the Department of Correction, has violated the conditions of his release agreement and has lapsed or is about to lapse into criminal ways, . . . I

hereby order that said committed offender be retaken and be detained in order that the committed offender be placed in the actual custody of the Department of Correction.[1]

On June 15, 1984, the appellant was arrested in Mineral County upon the May, 1984 fugitive warrant. Thereafter, a warrant was issued by the Governor of West Virginia for the (continued) arrest of the appellant upon the fugitive warrant and for the extradition of the appellant to Indiana.

By habeas corpus petition, the appellant challenged his extradition to Indiana, and on September 14, 1984, a hearing upon the petition was held in circuit court. The appellant contended that, inasmuch as no judicial determination had been made in Indiana of probable cause to believe that the appellant was a parole violator, i.e., that he had "escaped" from parole, extradition to Indiana from West Virginia could not be ordered.

The circuit court concluded, however, that the question of whether the appellant had violated his parole was, rather than a judicial matter subject to probable cause standards, an administrative matter properly determinable by the Indiana Parole Board. As reflected in its order entered on September 20, 1984, the circuit court denied relief to the appellant. The circuit court stated: "[I]t is not required that any judicial determination of probable cause be made in the State of Indiana in order to authorize the extradition of a parolee."

I.

THE EXTRADITION CLAUSE

Article IV, Section 2, of the Constitution of the United States provides in part:

A Person charged in any State with Treason, Felony, or other Crime, who

1. It should be noted that, as the parties indicated to this Court during oral argument, the various documents required of the demanding state (Indiana) for extradition under the "Uniform Criminal Extradition Act," *W.Va.Code*, 5–1–7, through *W.Va.Code*, 5–1–13, were received by the asylum state (West Virginia). The issue,

however, is whether under that Act the appellant may be extradited from West Virginia to Indiana in the absence of a judicial determination in Indiana of probable cause to believe that the appellant violated the terms of his Indiana imposed parole.

shall flee from Justice, and be found in another State, shall on Demand of the executive Authority of the State from which he fled, be delivered up, to be removed to the State having Jurisdiction of the Crime.

As the Supreme Court of the United States stated in *Michigan v. Doran*, 439 U.S. 282, 99 S.Ct. 530, 58 L.Ed.2d 521 (1978), that clause "was intended to enable each state to bring offenders to trial as swiftly as possible in the state where the alleged offense was committed." 439 U.S. at 287, 99 S.Ct. at 534, 58 L.Ed.2d at 526. Moreover, the court, in *Doran*, stated: "The purpose of the Clause was to preclude any state from becoming a sanctuary for fugitives from justice of another state and thus 'balkanize' the administration of criminal justice among the several states." 439 U.S. at 287, 99 S.Ct. at 534, 58 L.Ed.2d at 526.

In furtherance of the considerations of *U.S. Const.* art. IV, § 2 [cl. 2], West Virginia has adopted the "Uniform Criminal Extradition Act." (*W.Va.Code*, 5–1–7 through *W.Va.Code*, 5–1–13). As reflected in *W.Va.Code*, 5–1–7(b) [1937], the Governor of West Virginia has a duty, generally, "to have arrested and delivered up to the executive authority of any other state of the United States any person charged in that state with treason, felony, or other crime, who has fled from justice and is found in this State...." Subsection (c) of *W.Va.Code*, 5–1–7 [1937], provides, in part:

No demand for the extradition of a person charged with crime in another state shall be recognized by the governor unless in writing alleging ... that the accused was present in the demanding state at the time of the commission of the alleged crime, and that thereafter he fled from the state, and accompanied by a copy of an indictment found, or by information supported by affidavit, in the state having jurisdiction of the crime, or by a copy of an affidavit made before a

magistrate or justice there, together with a copy of any warrant which was issued thereupon; or by a copy of a judgment of conviction or a sentence imposed in execution thereof, together with a statement by the executive authority of the demanding state that the person claimed has escaped from confinement *or has broken the terms of his bail, probation or parole.* The indictment, information, or affidavit made before the magistrate or justice must substantially charge the person demanded with having committed a crime under the law of that state; and the copy of indictment, information, affidavit, judgment of conviction or sentence must be authenticated by the executive authority making the demand. (emphasis added)

The Uniform Criminal Extradition Act was discussed in *Doran, supra.* In *Doran,* the petitioner challenged his extradition from Michigan to Arizona (in which states the Act had been adopted). The petitioner was charged in Arizona with theft, and the Arizona governor issued a requisition to Michigan for the petitioner's extradition. The record indicated that a "judicial determination" had been made in Arizona of probable cause to believe that a theft had been committed and that the theft had been committed by the petitioner. The Michigan governor granted extradition. However, the Supreme Court of Michigan determined that the extradition documents from Arizona failed to set forth "sufficient facts" to establish probable cause concerning the theft. Consequently, the Michigan court granted the petitioner relief in habeas corpus.

The Supreme Court of the United States, in *Doran*, reversed and held that "when a neutral judicial officer of the demanding state [Arizona] has determined that probable cause exists, the courts of the asylum state [Michigan] are without power to review the determination." 439 U.S. at 290, 99 S.Ct. at 536, 58 L.Ed.2d at 528.[2] In

---

**2.** The Supreme Court of the United States, in *Doran,* further stated:

Under Art. IV, § 2 [of the Constitution of the United States], the courts of the asylum

state are bound to accept the demanding state's judicial determination since the proceedings of the demanding state are clothed with the traditional presumption of regularity.

particular, the Supreme Court of the United States held:

> Once the governor [of the asylum state] has granted extradition, a court considering release on habeas corpus can do no more than decide (a) whether the extradition documents on their face are in order; (b) whether the petitioner has been charged with a crime in the demanding state; (c) whether the petitioner is the person named in the request for extradition; and (d) whether the petitioner is a fugitive.

439 U.S. at 289, 99 S.Ct. at 535, 58 L.Ed.2d at 527. *See also* syl. pt. 1, *Cronauer v. State,* 174 W.Va. 91, 322 S.E.2d 862 (1984); syl. pt. 2, *State ex rel. Mitchell v. Allen,* 155 W.Va. 530, 185 S.E.2d 355 (1971), *cert. denied,* 406 U.S. 946, 92 S.Ct. 2048, 32 L.Ed.2d 333 (1972).

The phrase "fugitive from justice," found in *Doran* and associated with *U.S. Const.* art. IV, § 2 [cl. 2], was discussed by this Court in *State ex rel. Sublett v. Adams,* 145 W.Va. 354, 115 S.E.2d 158 (1960); *cert. denied,* 366 U.S. 933, 81 S.Ct. 1652, 6 L.Ed.2d 392 (1961), a case involving the extradition from Ohio to West Virginia of a defendant convicted and sentenced in West Virginia upon the crime of forgery. Syllabus point 1 of *Sublett* is relevant to the action before this Court:

> A person, after having been convicted of a crime committed within a state and not having served in full the sentence resulting therefrom, who when sought for to be subjected to the sentence of the court is found in another state, is a fugitive from justice within the meaning of the extradition clause of the United States Constitution, Article IV, Section 2.

Moreover, as stated in 1 C. Torcia, *Wharton's Criminal Procedure* § 103 (12th ed. 1974):

> The convict who escapes, as well as the convict who is released from prison on parole and violates a term or condition of his parole, may be extradited from the state in which he is found, as a fugitive from justice. He is deemed 'charged with crime', within the contemplation of extradition, because his sentence has not yet expired.

*See also* 31 Am.Jur.2d *Extradition* § 20 (1967).

---

. . . .

To allow plenary review in the asylum state of issues that can be fully litigated in the charging state would defeat the plain purposes of the summary and mandatory procedures authorized by Art. IV, § 2.

439 U.S. at 290, 99 S.Ct. at 536, 58 L.Ed.2d at 528.

*Doran* was cited in *Zambito v. Blair,* 610 F.2d 1192 (4th Cir.1979), *cert. denied,* 445 U.S. 928, 100 S.Ct. 1316, 63 L.Ed.2d 761 (1980). In *Zambito,* the Governor of West Virginia received a written demand from the Governor of Florida that Joseph Zambito be arrested and extradited to Florida. The request for extradition was accompanied, *inter alia,* by a copy of an information charging Zambito with robbery in Florida. Accordingly, Zambito was arrested in West Virginia pursuant to a warrant issued by the Governor of West Virginia.

Zambito, in a habeas corpus proceeding instituted in federal district court, challenged his arrest. He contended that no "judicial determination" in Florida of probable cause concerning his complicity in the robbery had been made, and, thus, his detention in West Virginia was illegal. The district court, however, permitted the State of West Virginia an opportunity to present evidence that a judicial determination of probable cause had been made in Florida concerning the robbery. The State of West Virginia submitted an "Order Finding Probable Cause" which had been signed by a Florida circuit judge prior to the institution of the extradition proceedings. The district court denied Zambito relief.

Affirming the district court, the Court of Appeals held that a judicial determination of probable cause concerning Zambito's complicity in the robbery was a prerequisite to extradition. The Court of Appeals indicated that the mere statement, or absence thereof, in the documents of the demanding state that a judicial determination of probable cause had been made is not conclusive. Rather, what matters is whether a judicial probable cause finding was, in fact, made. 610 F.2d at 1196. With regard to Zambito, the Court of Appeals concluded that the documents in question were sufficient to establish that there had been a judicial finding in Florida of "probable or reasonable cause" to believe that Zambito had committed the robbery.

*See also Locke v. Burns,* 160 W.Va. 753, 238 S.E.2d 536 (1977).

Of course, inasmuch as *Zambito* did not involve a situation concerning an alleged violation of parole, *Zambito* is not dispositive of the action before this Court.

## II.

## PAROLE VIOLATORS

The issue before this Court is whether, under the Uniform Criminal Extradition Act,[3] the appellant may be extradited from West Virginia to Indiana, in the absence of a *judicial* determination in Indiana of probable cause to believe that the appellant violated the terms of his Indiana imposed parole. For the reasons stated below, we affirm the conclusion of the circuit court that "it is not required that any judicial determination of probable cause be made in the State of Indiana in order to authorize the extradition of a parolee."

As stated in *annot.*, 90 A.L.R.3d 1085, 1090 (1979): "[I]t has been held or recognized in several cases that where a fugitive has been convicted in the demanding state, something less than an independent showing of probable cause is necessary in order to secure the fugitive's extradition back to the demanding state."

In *Ellis v. Darr*, 7 Kan.App.2d 285, 640 P.2d 361 (1982), a petitioner challenged his extradition from Kansas to Arkansas. The petitioner had been convicted of a crime in Arkansas and had allegedly violated the terms of his Arkansas imposed parole. The Court of Appeals of Kansas denied relief. Indicating that under such circumstances the Uniform Criminal Extradition Act contained no "probable cause" requirement for extradition, the court, in syllabus points 1 and 2, held:

> No showing of probable cause is necessary for the extradition of one who has been convicted and sentenced for a substantive criminal offense when the demanding state alleges the person claimed has thereafter escaped from confinement, or has broken the terms of his or her bail, probation or parole.

> A demand for the extradition of one who has been convicted and sentenced and who thereafter escapes from confinement, or has broken the terms of his or her bail, probation or parole, must be supported by documents authenticated by the executive authority, including a copy of the judgment of conviction (or of a sentence imposed in execution thereof) and a statement that the person claimed has escaped from confinement or has broken the terms of his or her bail, probation or parole.

Similarly, the Supreme Court of Colorado in *Wynsma v. Leach*, 189 Colo. 59, 536 P.2d 817 (1975), denied relief under the Uniform Criminal Extradition Act to a petitioner who challenged his extradition from Colorado to Michigan. The petitioner had been convicted in Michigan of possession of narcotics. The Colorado court observed:

> The petitioner ... contends that he is not a fugitive from Michigan because the affidavits that he has violated his [Michigan imposed] parole were not executed before a magistrate and because there was no showing that he was present in Michigan at the time of the alleged parole violation.

> Both arguments are based on the erroneous notion that the 'crime' with which the petitioner is charged is parole violation. In fact, petitioner is being extradited for his conviction of narcotics possession for which he is still under sentence. Although proper affidavits and a showing of presence in the demanding state are necessary if extradition is sought solely on a mere accusation of criminality by warrant, complaint, or information, neither is necessary when extradition is for an offense that has resulted in conviction.

> In the latter circumstance all that is required is record of conviction and a statement by the Governor that the accused has violated his parole.

189 Colo. at 62, 536 P.2d at 819.

*Wynsma* was subsequently followed by the Supreme Court of Colorado in *Gordon v. Cronin*, 196 Colo. 418, 586 P.2d 226 (1978). In *Gordon*, the petitioner, convicted in Missouri of robbery, challenged his extradition to Missouri from Colorado. The extradition was based upon alleged violations of his Missouri imposed parole. Rejecting the petitioner's contention "that

---

**3.** Indiana, as well as West Virginia, has adopted the Uniform Criminal Extradition Act.

some of the underlying facts [concerning the alleged parole violations] should be set forth to establish the probable cause required by the Fourth Amendment," the Colorado court, in *Gordon*, denied relief. 196 Colo. at 419, 586 P.2d at 227.

*See also State ex rel. Hall v. Hawkey*, 263 N.W.2d 141 (S.D.1978), (in which the Supreme Court of South Dakota stated that, under the Uniform Criminal Extradition Act, certain alternative showings are provided in order for a demanding state to secure extradition: "that the person has been charged with a crime and fled, or that, having been convicted and sentenced, he has escaped from confinement or has broken the terms of his bail, probation or parole." 263 N.W.2d at 144.)

As in the *Ellis, Wynsma* and *Gordon* cases cited above, the appellant in the action before this Court stands convicted of a crime. His impending extradition to Indiana is based upon an alleged parole violation. Moreover, as stated in footnote 1, *supra*, the parties indicated to this Court during oral argument that the various documents required of the demanding state (Indiana) for the extradition of the appellant under the Uniform Criminal Extradition Act have been received in this State. As the above authorities indicate, under such circumstances "something less than an independent showing of probable cause" is necessary to secure the appellant's extradition.

We hold that under the Uniform Criminal Extradition Act (*W. Va. Code*, 5–1– 7 through *W. Va. Code*, 5–1–13), a demand for the extradition of one who has been convicted of a crime and sentenced and who, thereafter, is alleged to have broken the terms of his or her parole, must be supported by documents authenticated by the executive authority of the demanding state, including a copy of a judgment of conviction or a sentence imposed in execution thereof, together with a statement by the executive authority of the demanding state that the person demanded has broken the terms of his or her parole. *W. Va. Code*, 5–1–7 [1937]. In particular, we hold that the Uniform Criminal Extradition Act (*W. Va. Code*, 5–1–7 through *W. Va. Code*, 5–1–13), does not require, as a prerequisite to the extradition of an alleged parole violator, a judicial determination by the demanding state of probable cause to believe that the person demanded has broken the terms of his or her parole.

Therefore, upon all of the above, the order of the Circuit Court of Mineral County, denying relief to the appellant, is hereby affirmed. This action is remanded to that Court for proceedings consistent with this opinion.

Affirmed.