367 S.E.2d 769

**STATE ex rel. Nathaniel C. JONES**

v.

**Arthur L. McKENZIE, Sheriff of Ohio County, West Virginia.**

**No. 18184.**

Supreme Court of Appeals of West Virginia.

March 31, 1988.

are in order, and that under Federal law extradition is required.

On June 22, 1987, the Governor of the State of New York applied for the extradition of the appellant from the State of West Virginia. The request indicated that the appellant had been charged with the criminal possession and criminal sale of a controlled substance, crimes under the laws of the State of New York. The request, along with supporting documents, was forwarded to the Governor of the State of West Virginia. Among the supporting documents was a certified copy of the indictment and an affidavit of the New York District Attorney setting forth the purposes of the New York prosecution.

After receiving the documents, the Governor of West Virginia authorized the arrest of the appellant and signed a warrant of rendition. The rendition warrant authorized West Virginia law enforcement authorities to deliver the appellant to certain police officers of the Buffalo Police Department. The warrant erroneously indicated that those police officers had been "appointed by the Governor of the State of Pennsylvania" (rather than by the Governor of the State of New York) and that the appellant was to be conveyed to Pennsylvania (rather than New York), there to be dealt with according to the law.

On August 4, 1987, the appellant petitioned for a writ of habeas corpus in the Circuit Court of Ohio County. He alleged that the extradition documents were insufficient, invalid on their face, and not in proper order. His attack focused on the fact that the rendition warrant indicated that he was to be extradited to the State of Pennsylvania, when the other documents in his case failed to show that he had committed any crime in the State of Pennsylvania.

On August 24, 1987, a hearing was held on the appellant's petition for habeas corpus. At the conclusion of that hearing the circuit court ruled that the appellant was the person named in the extradition papers, that there were charges pending against him in the State of New York, and that he was in the State of New York when the

Mark E. Vieweg, Berardinelli & Vieweg, Wheeling, for Nathaniel C. Jones.

Jill Miles, Asst. Atty. Gen., Charleston, for State of W. Va.

PER CURIAM:

This is an appeal by Nathaniel C. Jones from an order of the Circuit Court of Ohio County denying him habeas corpus relief. In his petition the appellant alleged that the State of West Virginia was illegally confining him pursuant to certain extradition papers. The circuit court found that while a rendition warrant issued by the Governor of West Virginia was irregular, the defect was of a clerical nature and did not constitute such harmful error as to justify the discharge of the appellant. In the present proceeding the appellant challenges the circuit court's ruling. After examining the record this Court finds that the papers issued by the demanding State

crimes charged were committed. The court concluded, however, by stating that:

> [T]he papers from New York recited herein above clearly indicate that the State of New York is the requisitioning State and that the errors contained in the Governor of West Virginia's rendition warrant are clerical in nature and do not constitute a reversible or harmful error to the defendant. Therefore, the Court concludes that the papers are in proper form and that the defendant should be remanded to the custody of Lt. Bernard McGonagle and/or Det. Sgt. Morgante, Buffalo Police Department, State of New York.

In the present proceeding the appellant claims that the circuit court's ruling was erroneous in that the defect in the Governor's rendition warrant renders his confinement illegal.

Federal law requires that fugitives from justice located in one state be extradited to the state in which they committed a crime upon the performance of certain acts by the executive of the state seeking extradition. 18 U.S.C. § 3182. Among other things the demanding executive must produce a copy of the indictment found against the accused or an affidavit charging the accused with treason or a crime. *See* 18 U.S.C. § 3182. The Federal requirements have been substantially incorporated into West Virginia's law. *W.Va.Code*, 5–1–7, *et seq.*

■ Under West Virginia law a party arrested pursuant to an extradition request may challenge the validity of the arrest and the extradition proceeding by way of habeas corpus. *W.Va.Code*, 5–1–9. The inquiry in such a proceeding is limited. As stated in syllabus point 2 of *State ex rel. Mitchell v. Allen*, 155 W.Va. 530, 185 S.E.2d 355 (1971), *cert.* denied, 406 U.S. 946, 92 S.Ct. 2048, 32 L.Ed.2d 333 (1972):

> In habeas corpus proceedings instituted to determine the validity of custody where petitioners are being held in connection with extradition proceedings, the asylum state is limited to considering whether the extradition papers are in proper form; whether there is a criminal charge pending in the demanding state; whether the petitioner was present in the demanding state at the time the criminal offense was committed; and whether the petitioner is the person named in the extradition papers.

*See Cronauer v. State*, 174 W.Va. 91, 322 S.E.2d 862 (1984); *State ex rel. Gonzales v. Wilt*, 163 W.Va. 270, 256 S.E.2d 15 (1979).

■ It is generally recognized that in an extradition proceeding the requisition papers from the demanding state are the vital instruments in determining the validity of the extradition proceedings. The mere fact that there are recitals in a warrant issued by the governor of the asylum state which are in variance with the facts as stated in the requisition does not invalidate the proceedings. 35 C.J.S. *Extradition* § 16a (1960); 31 Am.Jur.2d *Extradition* § 61 (1967); *Evans v. Rosenberger*, 181 N.W.2d 152 (Iowa 1970); *Johnson v. State*, 45 Ala. App. 40, 222 So.2d 370 (1969); *People ex rel. Brenner v. Sain*, 29 Ill.2d 239, 193 N.E.2d 767 (1963); *Self v. People*, 133 Colo. 524, 297 P.2d 887 (1956).

Rather clearly, if the accused presents evidence that the demanding state has failed to show by proper affidavit or indictment that a crime was committed in the demanding state or that the accused is identical to the person charged with a crime in the requisitioning state, habeas corpus must be granted and extradition denied. *Locke v. Burns*, 160 W.Va. 753, 238 S.E.2d 536 (1977); *State ex rel. Gonzales v. Wilt*, *supra.* However, where there is a mere defect in the wording of a warrant, and the defect does not go to the question of whether a crime was committed in the demanding state, or whether the accused is identical to the person charged with the crime, there is authority indicating that the defect in wording does not vitiate the extradition proceeding. For example, in *Self v. People*, *supra*, the Colorado court recognized that the mere fact that there might have been some recitals in a rendition warrant issued by the governor of Colorado which were at variance with the facts as stated in a California requisition

did not void the warrant. The court indicated that the warrant of the governor of the asylum state merely implements the proceedings which are based on the requisition from the demanding state. In *Grace v. Dogan,* 151 Miss. 267, 117 So. 596, 61 A.L.R. 709 (1928), a warrant was misdated, so that it appeared that the governor who executed it signed it before he took office. The facts, however, unmistakably showed that the date on the warrant was erroneous as the result of a clerical error and the warrant should have been dated in the year in which the governor took office. The court concluded that the error was harmless and allowed the extradition to proceed.

■ In the case presently under consideration, it appears that all the papers provided by the Governor of the State of New York, the demanding state, are in order and are in compliance with statutory requirements. They clearly establish that the appellant has been charged with a crime in the State of New York. There is no evidence that the appellant was not present in New York at the time a criminal offense was committed, or that the appellant is not the person named in the extradition papers. It is also apparent that the only defects in the proceeding are in the rendition warrant issued by the Governor of the State of West Virginia.

After reviewing the record, this Court concludes that the State of New York has made a proper demand for the extradition of the appellant and that under 18 U.S.C. § 3182 the State of West Virginia is required to extradite him. However, the Court also believes that before extradition of the appellant is carried out it is appropriate that the Governor of West Virginia invalidate the warrant of rendition heretofore issued and issue a corrected warrant authorizing the delivery of the appellant to officers appointed by the Governor of the State of New York rather than to officers appointed by the Governor of the State of Pennsylvania.

For the reasons stated, the judgment of the Circuit Court of Ohio County is affirmed. This case is, however, remanded to the circuit court with directions that that court order that the appellant remain in the custody of the State of West Virginia until such time as he is released to the custody of agents of the Governor of the State of New York pursuant to a corrected rendition warrant issued by the Governor of the State of West Virginia.

Affirmed with directions.