394 S.E.2d 907

**STATE of West Virginia ex rel. William SHEPPARD**

**v.**

**William N. KISNER, Sheriff of Berkeley County, and Cheryl Diprizio, State Probation/Parole Officer for Onslow County, North Carolina.**

No. 19058.

Supreme Court of Appeals of West Virginia.

July 18, 1990.

Steven M. Askin, Askin, Pill, Scales & Burke, L.C., Martinsburg, for State ex rel. William Sheppard.

Roger W. Tompkins, Atty. Gen., Richard M. Riffe, Sr. Asst. Atty. Gen., Atty. General's Office, Charleston, for William N. Kisner, Cheryl Diprizio.

PER CURIAM:

William Sheppard appeals from the denial of his petition for a writ of habeas corpus in an extradition proceeding. For the reasons that follow, we affirm.

On December 14, 1984, William Sheppard was convicted of larceny by false pretenses in North Carolina. He received probation as punishment for this crime. While on probation in North Carolina, the appellant received a travel pass to visit his mother in West Virginia from December 17, 1984, until January 4, 1985. The pass further required the appellant to "[r]eport back to the probation office in Jacksonville, North Carolina, on January 4, 1985." The appellant has never returned to North Carolina.

On March 17, 1988, the appellant was served with a rendition warrant issued by the Governor of the State of West Virginia pursuant to a warrant for arrest executed by the State of North Carolina. The arrest warrant demanded that the appellant be returned to North Carolina, where he was charged with violating the terms of his probation. In an effort to avoid extradition, the appellant filed a petition for habe-

as corpus in the Circuit Court of Berkeley County.

A hearing was held on this matter on May 18, 1988, and both the appellant and his probation officer from North Carolina testified. The appellant admitted that he had been convicted of a crime in North Carolina, that he had been placed on probation, and that he had knowingly violated the terms of his probation when he failed to return to North Carolina in January, 1985. Although the appellant asserts that he believed his probation had been transferred from North Carolina to West Virginia, he acknowledges that he never contacted the probation authorities in either state after January 4, 1985. Furthermore, the appellant failed to make the monthly restitution payments which were mandated under the terms of his probation. Based on this evidence, the circuit court denied the appellant's request for habeas corpus relief. Extradition was stayed pending appeal.

■ We recognized our limited role in extradition proceedings in Syllabus Point 1 of *State ex rel. Gonzales v. Wilt*, 163 W.Va. 270, 256 S.E.2d 15 (1979):

" 'In habeas corpus proceedings instituted to determine the validity of custody where petitioners are being held in connection with extradition proceedings, the asylum state is limited to considering whether the extradition papers are in proper form; whether there is a criminal charge pending in the demanding state; whether the petitioner was present in the demanding state at the time the criminal offense was committed; and whether the petitioner is the person named in the extradition papers.' Point 2, Syllabus, *State ex rel. Mitchell v. Allen*, 155 W.Va. 530 [185 S.E.2d 355] (1971) [*cert. denied*, 406 U.S. 946, 92 S.Ct. 2048, 32 L.Ed.2d 333 (1972)]."

*E.g., State ex rel. Jones v. McKenzie*, 179 W.Va. 300, 367 S.E.2d 769 (1988); *Feathers v. Detrick*, 175 W.Va. 628, 336 S.E.2d 922 (1985); *Wooten v. Hatfield*, 169 W.Va. 401, 287 S.E.2d 516 (1982).

At the hearing in this case, the appellant admitted that he had been convicted of a crime in North Carolina, had been placed on probation, and had violated the terms of the probation. He further acknowledged that he was the person named in the extradition papers. Under the criteria set forth in Syllabus Point 1 of *State ex rel. Gonzales v. Wilt, supra,* extradition is proper.

■ The appellant next contends that even though this Court is prohibited from inquiring into his guilt or innocence,[1] we can still make "a determination of whether the accused is a fugitive from justice from the demanding state." Syllabus, in part, *Boyles v. Hudak*, 120 W.Va. 431, 199 S.E. 5 (1938). He asserts that a fugitive is only one who intentionally flees to avoid punishment, and, because he mistakenly believed that his probation had been transferred to West Virginia, he lacked the intent to be a fugitive.

The appellant's argument fails to recognize our longstanding precedent on this issue. Intent is not a factor we consider in determining whether an individual is a fugitive. Rather, we defined a fugitive in Syllabus Point 3 of *State ex rel. Mitchell v. Allen*, 155 W.Va. 530, 185 S.E.2d 355 (1971), *cert. denied*, 406 U.S. 946, 92 S.Ct. 2048, 32 L.Ed.2d 333 (1972), as follows:

" 'A person, after having been convicted of a crime committed within a state and not having served in full the sentence resulting therefrom, who when sought for to be subjected to the sentence of the court is found in another state, is a fugitive from justice within the meaning of the extradition clause of the United States Constitution, Article IV, Section 2.' Point 1, syllabus, *State ex rel. Sublett v. Adams*, 145 W.Va. 354 [115

---

1. This prohibition is found in W.Va.Code, 5-1-9(k) (1937):

"The guilt or innocence of the accused as to the crime of which he is charged may not be inquired into by the governor or in any proceeding after the demand for extradition accompanied by a charge of crime in legal form as provided in this article shall have been presented to the governor, except as it may be involved in identifying the person held as the person charged with the crime."

S.E.2d 158 (1960), *cert. denied,* 366 U.S. 933, 81 S.Ct. 1652, 6 L.Ed.2d 392 (1961) ]."

Nothing we have decided since *Mitchell* undermines its viability. Indeed, recently this Court cited *Mitchell* as controlling on this issue. *See State ex rel. Drescher v. Hedrick,* 180 W.Va. 35, 375 S.E.2d 213 (1988); *Feathers v. Detrick, supra.* Applying this standard, we conclude that the appellant is a fugitive.[2]

Accordingly, we affirm the decision of the Circuit Court of Berkeley County.

Affirmed.

---

**2.** The appellant further argues that North Carolina acted arbitrarily and capriciously by not timely seeking his extradition. While there was a delay, the North Carolina probation officer explained that it was due to a shift in the case load. Moreover, the merits of this type of factual assertion are best determined by the demanding state, especially in view of our limited inquiry in an extradition proceeding. *See* Syllabus Point 1, *State ex rel. Gonzales v. Wilt, supra.*